# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GARY D. HOGLUND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 C 5634 |
| v. ) | |
| ) | The Honorable William J. Hibbler |
| SIGNATURE MANAGEMENT GROUP, INC. ) | |
| d/b/a RED SEAL MANAGEMENT CORP., ) | |
| and SCOTT A. WEISENBERG, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Mr. Hoglund alleges that Mr. Weisenberg, as general counsel for Signature Management Group, Inc. ("Signature"), terminated Hoglund's employment on April 10, 2008. Hoglund brought this lawsuit against Weisenberg and Signature, alleging that his termination was improperly based on his disability and a workers' compensation claim, both of which resulted from an injury he sustained on the job in 2006. In Counts I and II, directed at Signature and Weisenberg, respectively, Hoglund sets forth theories of tort liability for retaliatory discharge under Illinois common law. Hoglund asserts in Count III that Signature is also liable under the Americans with Disabilities Act ("the ADA"), 42 U.S.C. § 12112(a). Finally, Hoglund alleges in Count IV that Signature failed to pay him adequate overtime compensation.

Weisenberg moves to dismiss Count II of the Complaint and for sanctions against Hoglund and his counsel for including that Count in the Complaint. Signature originally moved to dismiss Counts I and III of the Complaint, but has since withdrawn its motion as to Count III. Signature also moves for sanctions against Hoglund and his counsel for filing a deficient

1

Complaint. Count IV is not currently the subject of any dispositive motions, and is therefore not addressed herein.

## BACKGROUND

In his Complaint, Hoglund states that he was employed by Signature as a Maintenance Supervisor from May 30, 1996 to April 10, 2008. (Compl. ¶ 4). On September 29, 2006, Hoglund sustained an injury on the job and reported it to Signature. (Compl. ¶ 5). On March 23, 2007, Hoglund filed an Application for Benefits with the Illinois Workers' Compensation Commission through counsel. (Compl. ¶ 8). On April 4 and 10, 2008, Weisenberg and another Signature employee met with Hoglund and Weisenberg discussed Hoglund's job responsibilities and the fact that his doctor's restrictions had imposed limitations on his ability to perform some of his job functions. (Compl. ¶¶ 10 & 13). The Complaint alleges Weisenberg then terminated Hoglund at the April 10 meeting because: (1) he could no longer perform certain functions of his job as a direct result of the injuries which were the subject of his pending workers' compensation claim; (2) he was disabled; and (3) in retaliation for Hoglund exercising his rights under the Illinois Workers Compensation Act. (Compl. ¶¶ 14 & 17).

## DISCUSSION

### I. Motions to Dismiss

Motions to dismiss test the sufficiency, not the merits, of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss under federal notice pleading, a plaintiff must "provide the grounds of his entitlement to relief" by alleging "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal quotation marks, brackets, and citation omitted). Specific facts are not necessary. *Erickson v. Pardus*, 551 U.S.

89, ----, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). The Court treats well-pleaded allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Disability Rights Wisc., Inc. v. Walworth County Bd. Of Supervisors*, 522 F.3d 796, 799 (7th Cir. 2008).

### A. Count I: Retaliatory Discharge by Signature

Signature argues that Hoglund pleads himself out of court in Count I of the Complaint by alleging that Signature terminated him based on his inability to perform certain job functions. According to Signature, this was a valid reason for terminating Hoglund's employment, and he therefore cannot sustain a cause of action.

In order to establish a claim of retaliatory discharge in the workers' compensation context, Illinois courts require a plaintiff to show: "(1) that he was the defendant's employee before his injury; (2) that he exercised a right granted by the Workers' Compensation Act; (3) and that he was discharged from his employment with a causal connection to his workers' compensation claim." *Kritzen v. Flender Corp.*, 226 Ill. App. 3d 541, 549, 589 N.E.2d 909, 915 (2nd Dist. 1992); *Carter v. Tennant Co.*, 383 F.3d 673, 677 (7th Cir. 2004). If the employer has a valid, non-pretextual reason for terminating the employee, the plaintiff cannot prove the third element. *Carter*, 383 F.3d at 677 (quoting *Hartlein v. Ill. Power Co.*, 141 Ill. 2d 142, 160, 601 N.E.2d 720, 728 (1992). Under Illinois law, an employee's physical inability to perform his or her job is a "legitimate nondiscriminatory reason" for discharge. *La Porte v. Jostens, Inc.*, 213 Ill. App. 3d 1089, 1093, 572 N.E.2d 1209, 1212 (3d Dist. 1991) (quoting *Horton v. Miller Chemical Co.*, 776 F.2d 1351, 1359 (7th Cir. 1985); *see also Hartlein*, 601 N.E.2d at 728 ("Illinois law does not obligate an employer to retain an at-will employee who is medically unable to return to his assigned position").

3

Signature concedes that it would generally be inappropriate to make a determination regarding whether an employer has such a valid reason for terminating an employee at the pleading stage. Signature nonetheless urges the Court to do just that because Hoglund's Complaint alleges Signature terminated him because of his inability to perform his job functions. Signature adds that because so much time passed between the time when Hoglund filed his workers' compensation claim in March 2007 and when Signature fired him in April 2008, it is unlikely that his termination was motivated by his claim. Given the Complaint as it is currently written, Signature makes a valid argument for dismissal.

However, Hoglund responds by stating that Signature actually created a written job description for Hoglund shortly before his termination which changed his duties. Hoglund contends that Signature manipulated his job description in this manner so that Hoglund could no longer perform his job duties and Signature would then have a basis for discharging him. Moreover, Hoglund argues, by waiting seventeen months after his injury to fire him, Signature indicated its satisfaction with Hoglund's ability to do his job prior to the April 2008 meetings.

Hoglund made no such allegations regarding his job description in his complaint, and Signature is right to complain that it is inappropriate for Hoglund to amend his pleadings through his response to a motion to dismiss. However, Hoglund does seem to be asserting that Signature's reasons for terminating him were indeed pretext. For this reason, the Court disagrees with Signature's argument that Hoglund is attempting to plead a "retaliatory change in job descriptions" rather than retaliatory discharge. For the same reason, the Court declines to stray from the general rule that it is inappropriate to make determinations regarding pretext at the pleading stage and denies Signature's motion to dismiss. However, the Court also orders

Hoglund to amend the Complaint by including the important details he mentioned in his response.

### B. Count II: Retaliatory Discharge by Weisenberg

Weisenberg moves to dismiss Hoglund's retaliatory discharge claim against him as well, arguing that an employer, and not an individual employee acting on the employer's behalf, is the only proper defendant in such a lawsuit. Weisenberg relies on *Buckner v. Atl. Plant Maint., Inc.*, 182 Ill. 2d 12, 22, 694 N.E.2d 565, 570 (1998), and its progeny for support for this argument. The Court in *Buckner* held that "[t]he agent or employee who carries out the employer's decision to fire will not be subject to personal liability for retaliatory discharge." *Id.*

Hoglund does not cite any contrary authority. Instead, Hoglund argues that because the tort of retaliatory discharge is aimed at supporting the public policy underlying the Illinois Workers' Compensation Act and because attorneys are "particularly aware" of public policy, the Court should "extend" the tort to include a cause of action against Weisenberg, who is general counsel for Signature.[1]

In deciding whether to extend the tort in this way, the Court begins by noting that Illinois courts generally interpret the tort of retaliatory discharge narrowly. *Buckner*, 182 Ill. 2d at 18-20, 694 N.E.2d at 568-69 (discussing the Court's "past precedent admonishing against expansion of the tort"). The case law does not provide much guidance on this precise issue, but the only case which does address the rule in *Buckner* as it applies to general counsel upholds the rule with little discussion. *SABIS v. Jones Educ. Sys., Inc.*, 52 F. Supp. 2d 868, 882 (N.D. Ill. 1999); *see*

---

[1] Hoglund also makes attempts to squeeze allegations that Weisenberg violated Rule 4.2 of the Illinois Rules of Professional Conduct into his argument. The question of whether it was proper for Weisenberg to meet directly with Hoglund is not at issue in this case, however, and is irrelevant to the questions of whether Hoglund was the victim of a retaliatory discharge and whether Weisenberg can be held liable for the tort.

5

*also Stone v. Pepmeyer*, No. 07-1198, 2008 WL 879553, *4 (C.D. Ill., 2008) (holding, with little discussion, that *Buckner* excludes a State's Attorney from liability in his individual capacity).

Moreover, the logic set forth in *Buckner* applies in this case as well. The *Buckner* Court ruled as it did for a couple of reasons. First, it held that the tort was aimed at deterring employers from abusing their "power to terminate" contrary to the public policy embodied in the Workers' Compensation Act. *Buckner*, 182 Ill. 2d at 20, 694 N.E.2d at 569 (quoting *Kelsay v. Motorola, Inc.*, 74 Ill. 2d 172, 384 N.E.2d 353 (1978)). The Court reasoned that because this power ultimately lies only with the employer, and not with the employee executing the termination, that the deterrent should be aimed only at the employer and that the Court should leave it to employers to discipline their employees themselves if an employee terminates someone unlawfully. *Buckner*, 182 Ill. 2d at 20-21, 694 N.E.2d at 569-70. Second, the Court pointed out that only the employer stands to benefit from a retaliatory discharge by avoiding the payment of workers' compensation benefits. *Buckner*, 182 Ill. 2d at 21-22, 694 N.E.2d at 570. Thus, the Court held that it was proper to limit liability to the employer, the only party with a motive to commit the tort. *Id.* Hoglund has put forth no argument for why this reasoning does not apply here.

In accordance with the historically narrow interpretation of the tort in question, the Court therefore grants Weisenberg's motion to dismiss with prejudice.

**II. Motions for Sanctions**

Both defendants filed motions for sanctions pursuant to Federal Rule of Civil Procedure 11(c) and 28 U.S.C. § 1927 in response to Hoglund's complaint. Weisenberg argues that *Buckner* and its progeny so clearly exclude Weisenberg from liability that the actions of Hoglund

and his counsel warranted sanctions. Signature argues that Hoglund's counsel[2] should be sanctioned for bringing Count III of the Complaint under the ADA without first filing a Charge of Discrimination with Equal Employment Opportunity Commission ("EEOC") or the corresponding state agency, and without obtaining a Notice of Right to Sue from the EEOC.

As noted above, Hoglund does not dispute the weight of precedent against him with respect to his claim of retaliatory discharge by Weisenberg. Counsel nonetheless believes that he has a good faith basis for arguing that this case presents a unique set of facts which warrant an exception to the rule laid out in *Buckner*. Sanctions are not warranted under either Rule 11 or Section 1927 if a litigant acts in good faith. *Smith v. Nat'l Health Care Servs. of Peoria*, 934 F.2d 95, 98-99 (7th Cir. 1991) (denying a motion for Rule 11 sanctions where the party made good faith arguments for the modification of existing law); *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1184 (7th Cir. 1992) (holding that the term "vexatious" in Section 1927 requires "either subjective or objective bad faith" to warrant sanctions). While this Court is not convinced by Hoglund's argument, the Court does not believe that Hoglund presented the argument in bad faith. *See Smith*, 934 F.2d at 99 (holding that "[t]he argument...need not be convincing or likely to succeed" if it is made in good faith). For this reason, the Court denies Weisenberg's motion for sanctions. However, the Court does warn Hoglund's counsel that in the future it would be wise to more thoroughly discuss the logic underlying contrary precedent. *See id.* ("the failure to

---

[2] Both Defendants actually move for sanctions against Hoglund and his counsel. However, sanctions against Hoglund himself are clearly inappropriate. Rule 11(b) holds "an attorney or unrepresented party" responsible for the pleadings it presents to the Court. Fed. R. Civ. P. 11. Similarly, as Defendants note, Section 1927 provides for sanctions against "any attorney...who so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. Thus, these motions will be treated as though they are directed solely at Hoglund's counsel.

acknowledge and address established, contrary caselaw could justify the imposition of sanctions").

As Signature points out in its motion for sanctions, the ADA provides that an aggrieved individual may file a private cause of action only after filing a charge with the EEOC and receiving notice from the agency that it will not pursue action. 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e-5(f)(1)). Hoglund filed his complaint with this Court on October 2, 2008. On December 1, 2008, Signature filed a motion for extension of time to file responsive pleadings. Signature apparently discussed the procedural defects with the Complaint with Hoglund's counsel and asked for the extension as a favor to Hoglund to allow his counsel time to cure the defects. On January 7, 2009, pursuant to Rule 11(c)(2), Signature provided Hoglund with a copy of its motion for sanctions, warning that it would file the motion in 21 days if Hoglund did not obtain a Notice of Right to Sue. On January 30, Signature filed its motion.

Hoglund's counsel provides no explanation for the failure to file a Charge of Discrimination with the EEOC and to obtain a Notice of Right to Sue from the agency prior to filing this suit. Instead, counsel merely attaches a Notice of Right to Sue dated January 30, 2009 to the response to Signature's motions. Apparently, Hoglund's counsel believes that the issue is moot now that Hoglund has obtained the Notice. Neither party provides any explanation for the rapid escalation from what appear to have been collegial interactions to a motion for sanctions. The Court has no information about what communications, if any, took place between the parties during the time that Hoglund was apparently working to obtain the Notice of Right to Sue. Signature has withdrawn its motion to dismiss Count III, but still incurred the expense of preparing and briefing both its motion to dismiss and its motion for sanctions. Given Hoglund's complete failure to respond to the motion for sanctions, the Court is unable to make a

determination as to whether Hoglund's counsel was operating in bad faith prior to obtaining the Notice. Thus, the Court orders Hoglund's counsel to appear and show cause for this Court to decline to award sanctions on the basis of Signature's motion.

## *CONCLUSION*

For the above reasons, Signature's motion to dismiss Count I is DENIED; Weisenberg's motion to dismiss Count II with prejudice is GRANTED; and Weisenberg's motion for sanctions is DENIED. Additionally, Hoglund is ordered to file an amended complaint and Hoglund's counsel is ordered to appear and show cause for this Court to decline to award sanctions on the basis of Signature's motion.

IT IS SO ORDERED.

5/4/09
Dated

Hon. William J. Hibbler
United States District Court